## 74548. LADSON v. THE STATE.
(357 SE2d 307)

DEEN, Presiding Judge.

The appellant, George Ladson, was convicted of burglary, 3 counts of aggravated assault, attempted armed robbery, and possession of a firearm during the commission of a felony. On appeal, his sole contention is that the evidence was insufficient to support the convictions.

Around midnight on October 1, 1984, two men forced their way into the garage apartment of David and Betty Windham, who were in their living room talking with a friend. Both intruders wielded pistols, and both obscured their faces with bandannas. The intruders demanded money, and when the victims indicated that they had none, the taller intruder slapped Betty Windham and the other slapped the guest. The taller intruder then fired 2 shots at David Windham, striking him once in the stomach. Both assailants then departed. David Windham subsequently picked out Ladson and Ladson's nephew, Jerry McCaster, from a photo line-up, based on his recognition of their eyes; Betty Windham similarly picked out McCaster from a photo line-up.

Shortly after the Windham incident, patrolling police officers observed Ladson and McCaster walking down the street in the Windhams' neighborhood, drinking a quart of beer, but did not otherwise detain them. A few minutes later, Ladson and McCaster arrived at the residence of Teresa Dent, a girl friend of Ladson. Both men had pistols, and Ladson requested that Dent keep his gun for him for a few days. Dent then gave the two men a ride to their respective homes, and 2 or 3 days later she returned Ladson's gun to him. Subsequently, during a search of Ladson's bedroom, police officers found a .22 calibre pistol. David Windham identified it as the weapon used by his assailant, and a firearms examiner with the state crime lab stated that ballistic tests, while not conclusive, indicated that the bullet removed from Windham's body had been fired from this pistol.

McCaster, who was indicted with Ladson, eventually pleaded guilty to these crimes, as well as a rape and murder that occurred later that night. He testified, however, that a fellow named Melvin Freeman had been his associate in crime, and not his uncle, Ladson. McCaster's testimony, however, was controverted by the investigating officers, and contradicted in part by the appellant himself. *Held*:

"We must view the evidence in a light most favorable to the verdict and, in doing so, we conclude that the evidence was sufficient to exclude every *reasonable* hypothesis save [the appellant's] guilt and that any rational trier of fact could have found [the appellant] guilty beyond a reasonable doubt." *Castillo v. State*, 166 Ga. App. 817, 821 (305 SE2d 629) (1983).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1987.

*Alan David Tucker*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*